BUCK WEAVER v. THE STATE.

No. 8491.   Decided June 4, 1924.

Rehearing denied June 27, 1924.

**Manufacturing Intoxicating Liquor—Insufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Bandera. Tried below before the Honorable R. H. Burney.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Leonard Brown,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bandera County of manufacturing intoxicating liquor, and his punishment. fixed at one year in the penitentiary.

There are no bills of exception in the record and no brief has been filed on behalf of appellant. The statement of facts is deemed to sufficiently show appellant to have manufactured intoxicating liquor. He set up defensive facts based on the proposition that he had only been at the still where the liquor was in process of being made, a short time. Other evidence tended to lead to a different conclusion. The jury have resolved the facts against him and we are not disposed to disturb their verdict.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1924.

LATTIMORE, Judge.—In the tremendous press of work upon this court we confess that the assistance of attorneys who represent appellants here is greatly appreciated by this court in the presentation of the main questions relied upon on appeal. No brief was on file for appellant at the time this case was originally disposed of. A motion for rehearing is now presented insisting that the facts in the case when carefully scrutinized are not sufficient to justify the verdict of guilty. We have again gone carefully over the facts in the light of the motion and argument, and are constrained to agree with this contention, and have concluded that we were in error in affirming this case.

In a tent out in the woods in Bandera County a still was in operation. Officers raided the place and as they approached it, appellant and three other men came out of the tent. One of the party by the name of Crane stated that he alone was the owner and manager of the outfit and that the others had nothing to do with it. At a house

not a great distance away was a car which seems to have belonged to appellant. A witness testified that something like a week before the raid appellant came to his house and borrowed some bedding, which was returned the next morning. As far as we are able to gather from the statement of facts, the above represents the State's entire case against appellant. He testified in his own behalf that he lived in a different part of the country and had heard that he could get some whisky at this place and had gone there for that purpose. It was also in evidence that he had theretofore been charged with smuggling and transportation of intoxicating liquor, and this probably had something to do with his conviction. After a review of the facts we have become convinced that the State did not make out a case of manufacture of liquor against appellant. The fact of his presence alone and of the possession and ownership of a car at the house not far away, and of his borrowing the bedding a week before and keeping it for a night,—are all entirely consistent with the proposition that he went to said place for the purpose of obtaining liquor. Even though he had intended to procure it and transport it illegally, this would not suffice to convict him for the manufacture of such liquor.

The motion for rehearing will be granted, the affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*